IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHRYN L. McCAULEY,<br><br>      Plaintiff,<br><br>  v.<br><br>AKAL SECURITY, INC. and UNITED STATES MARSHALS SERVICE,<br><br>      Defendants. | Case No. 10 C 2839<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kathryn McCauley ("McCauley") brought the instant employment discrimination lawsuit against Defendants Akal Security, Inc. ("Akal") and the United States Marshals Service ("the USMS"). Defendants move to dismiss pursuant to FED. R. CIV. P. 12(b)(6) on various grounds. For the reasons contained herein, Defendants' Motion is granted in part and denied in part. McCauley's discrimination claim is limited to the events surrounding her suspension and termination, and all other claims in her First Amended Complaint are dismissed. However, Defendants' Motion to Dismiss Plaintiff's Complaint as untimely is denied, as is the USMS's Motion to Dismiss for Failure to Exhaust Administrative Remedies.

## I. BACKGROUND

The following facts are taken from McCauley's First Amended Complaint and her charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC").

McCauley was employed by Akal, a private security firm based in New Mexico. Akal contracted with the USMS to provide security services at the U.S. District Court for the Northern District of Illinois. McCauley began working as a Court Security Officer in the Northern District on March 22, 2001.

On June 24, 2009, she filed a Complaint of Discrimination with the EEOC, contending that she was discriminated against based on her gender when she was suspended on March 18, 2009, and fired on April 22, 2009. The EEOC Complaint names only Akal as Plaintiff's employer.

McCauley's one-count First Amended Complaint, alleging unlawful discrimination on the basis of sex, includes these incidents. Specifically, she alleges that she was working in the lobby of the Everett McKinley Dirksen United States Courthouse when she made a brief comment to another Court Security Officer stating that she could not believe that the defendant in an ongoing criminal trial had taken the stand. Unbeknownst to her, McCauley contends, a juror on that case overheard her comment and apparently believed McCauley was speaking to him. The man approached her and said, "I cannot talk to you." McCauley contends she did not know

the man was a juror and did not direct the comment at him.  Because of this comment, she was suspended and later fired.  A male Court Security Officer who made a comment in the presence of the same juror was not disciplined, she contends.

McCauley's First Amended Complaint also includes allegations that Defendants refused to assign McCauley to certain positions because of her gender, maintained certain favorable positions for male security officers, subjected her to a hostile work environment, and treated her "badly" because of her gender. Pl's. Compl. ¶ 43.  In particular, she alleges that after returning to work in January 2006 following an injury, she requested to be assigned to work in the control room, but was refused.  Assignments in the control room and mail room were favored, and male security officers almost always received these assignments, she contends.

The EEOC dismissed Plaintiff's discrimination complaint and sent her a Right-to-Sue letter via certified mail on December 18, 2009.  The certified letter went unclaimed, and the EEOC then sent a Notice of Dismissal via regular mail dated February 4, 2010. McCauley filed suit against Akal and the USMS on May 6, 2010.

Defendants moved to dismiss Plaintiff's complaint under FED. R. CIV. P. 12(b)(6).  In separate motions, both allege that McCauley's Complaint is untimely.  Additionally, Akal argues that McCauley failed to exhaust her administrative remedies in regard to certain alleged incidents of discrimination in the suit, and that certain of the incidents are barred by the statute of limitations.

The USMS adopts Akal's arguments and additionally argues that it should be dismissed from the suit McCauley failed to exhaust her administrative remedies with respect to her complaints against it.

## II. **LEGAL STANDARD**

In considering Defendants' Motions to Dismiss, the Court must accept as true all well-pled facts in McCauley's Complaint and view them in the light most favorable to her. *Thompson v. Ill. Dep't. of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To survive a Motion to Dismiss under FED. R. CIV. P. 12(b)(6), a complaint must contain "sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiffs do not have to anticipate affirmative defenses, but dismissal is appropriate if the allegations in the complaint "set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).

Ordinarily, if a court in deciding a motion to dismiss considers documents not incorporated into the complaint, it must convert the motion to dismiss to a motion for summary judgment. *Drebing v. Provo Group, Inc.*, 494 F.Supp.2d 910, 912 (N.D. Ill. 2007). However, an EEOC complaint is central to a discrimination

claim, so the court may consider it in ruling on a motion to dismiss. *Id.*

### III. **ANALYSIS**

#### A. **Timeliness of Plaintiff's Complaint**

The first issue is whether McCauley's initial complaint was timely filed on May 6, 2010. A Title VII suit against the federal government must generally be filed within 90 days of the Plaintiff's receipt of a final agency decision. 42 U.S.C. §2000e-16(c); *see Moore v. Henderson*, 174 F.Supp.2d 767, 773 (N.D. Ill. 2001)(holding that timely filing of Title VII suit is a precondition "akin to a statute of limitations."). The 90-day time limit is strictly enforced. *Davis v. Browner*, 113 F.Supp.2d 1223, 1227 (N.D. Ill. 2000). However, where the plaintiff's receipt of a Right-to-Sue letter is delayed, the 90-day deadline may be tolled if the plaintiff is not at fault for the delay. *Moore*, 174 F.Supp.2d at 773-74.

Here, Plaintiff has submitted an affidavit along with her response to the motion to dismiss explaining the circumstances of her failure to receive the December 18, 2009, certified letter from the EEOC. She maintains that prior to receiving the Right-to-Sue letter via regular mail on February 5, 2010, she did not receive any other form of written correspondence from the EEOC. She contends that she spoke with an employee of the EEOC on December 9, 2009, and the woman told her that it would be another month before

she received the agency's determination of her discrimination complaint. McCauley avers that her address did not change, and she checked the mail every day, but never received notice of a Right-to-Sue letter sent by certified mail and dated December 18, 2009.

If McCauley's contentions are true, then she likely was not at fault for her failure to receive the December 18, 2009 Right-to-Sue letter, and the 90-day clock did not start running until February 5, 2010. *Balthazar v. Southwestern Bell Corp.*, 494 F.Supp.2d 930, 931–32 (N.D. Ill. 2007). However, as noted above, Plaintiff was not required to rebut the affirmative defense of the expiration of the 90-day period in her complaint. Her affidavit raises questions outside of the pleadings and may involve disputed questions of fact if Defendants contest her version of events. As such, this issue cannot be addressed through a FED. R. CIV. P. 12(b)(6) motion and Defendants' Motion to Dismiss on this ground is denied. *See Schwartz v. Matteson Auto Sales*, No. 10 C 195, 2010 WL 4386853, at *2 (N.D. Ill. Oct. 27, 2010)(denying motion to dismiss in similar circumstances).

**B. Scope of Plaintiff's EEOC Complaint**

Next, Defendants contend that certain of the claims in Plaintiff's First Amended Complaint are beyond the scope of her EEOC charge, and thus are barred. Ordinarily, a Title VII Complaint must be limited to the allegations in the plaintiff's EEOC charge. *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124,

127 (7th Cir. 1989). By requiring the complainant to exhaust her administrative remedies, the defendant is assured of having notice of the charge, and the EEOC is given an opportunity to investigate it and attempt to obtain voluntary compliance with Title VII. *Id.* As such, the Seventh Circuit has held that a plaintiff may not bring claims under Title VII that were not included in the charges made to the EEOC, unless those claims are "'like or reasonably related' to the EEOC charges and could reasonably be expected to grow out of an EEOC investigation into those charges." *Harper v. Godfrey Co.*, 45 F.3d 143, 148 (7th Cir. 1995)(quoting *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1111 (7th Cir. 1992)). What this means is that there must be a factual relationship between the claims in the EEOC charge and the complaint, and they must "at minimum, describe the *same conduct* and implicate the *same individuals*." *Harper*, 45 F.3d at 148 (quoting *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994)). Allegations of sex discrimination in a complaint are not reasonably related to allegations of sex discrimination in an EEOC charge merely because they both assert the same type of discrimination. *Cheek*, 31 F.3d at 501. Rather, EEOC complaints must describe, "with some degree of specificity," the conduct they consider discriminatory. *Id.* at 502.

Here, Defendants contend that because McCauley's EEOC charge referenced only her suspension and termination, only those claims

may go forward. McCauley, by contrast, maintains that the allegations in her Complaint that she was denied optimal work details are reasonably related to the allegations in her EEOC charge because all are alleged gender-driven employment decisions. Essentially, McCauley is alleging a pattern of gender discrimination, but this is insufficient to show a reasonable relationship between her suspension and termination and the other claims in her complaint. The Seventh Circuit has held that because any additional alleged act of discrimination could be said to be part of a pattern, allowing a claim to go forward on that basis would "eviscerate" the general requirement that a Title VII plaintiff must exhaust her administrative remedies. *Jones v. Res-Care, Inc.*, 613 F.3d 665, 670 (7th Cir. 2010).

McCauley's allegations that she was discriminated against in work assignments, and specifically that she was refused an assignment to the control room in January 2006, are barred because they are not sufficiently related to the allegations in her EEOC charge. Defendants would not have had notice, based on McCauley's EEOC complaint, that she was contesting their refusal to give her a requested job assignment more than three years prior to the filing of the EEOC charge. *See*, *Duncan v. Sheboygan Area School Dist.*, No. 10 C 397, 2010 WL 5060562, at *2 (E.D. Wis. Dec. 6, 2010)(holding that allegation that plaintiff's position was eliminated was not reasonably related to allegations of failure to

promote); *Khan v. Eli Lilly and Co.*, 6 C 0766, 2008 WL 833203, at *11 (S.D. Ind. March 27, 2008)(holding that plaintiff failed to show commonality between her termination and other alleged discriminatory acts, including discrimination in regard to transfer, training, and pay). Similarly, Plaintiff may not bring a claim for a hostile work environment or for generally being treated "badly" because her EEOC charge gave Defendants no notice of that allegation. *Milloy v. WBBM-TV*, 613 F.Supp.2d 1035, 1038 (N.D. Ill. 2009).

Additionally, the Court notes that McCauley's Complaint as to her denial of a work assignment in January 2006 is time-barred because an employee must file a charge of discrimination within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1); *see Hamilton v. Komatsu Dresser Indust.*, 964 F.2d 600, 603 (7th Cir. 1992). For these reasons, McCauley may pursue her sex discrimination claim only insofar as it relates to her suspension or her termination, and complaints beyond that scope are dismissed.

### C. Exhaustion of Claims against the USMS

Finally, the USMS contends McCauley's claims against it must be dismissed because she failed to exhaust her administrative remedies as to it. As a preliminary note, for the purposes of this motion the USMS does not contest that it may be considered a joint employer for the purposes of a Title VII claim. *See Ruiz v.*

*Mukasey*, 594 F.Supp.2d 738, 741-42 (S.D. Tex. 2008)(finding the USMS to be a joint employer with a security company in the context of a Rehabilitation Act claim); *International Union v. Clark*, No. 02-1484, 2006 WL 2598046, at *8 (D.D.C. Sept. 11, 2006)(same). The USMS argues, however, that the Complaint against it must be dismissed because Akal is listed as the sole respondent on McCauley's EEOC charge. Ordinarily, a complaint may not sue a party under Title VII unless that party was named in the EEOC charge. *Schnellbaecher*, 887 F.2d at 126. This is not a jurisdictional requirement, but is akin to a statute of limitations, and is subject to waiver, equitable tolling, and estoppel. *Id.* This is true of claims brought by federal employees as well, even though the procedures for federal employees to exhaust their administrative remedies vary from that required for private employees. *Gibson v. West*, 201 F.3d 990, 993 (7th Cir. 2000).

The Seventh Circuit has recognized an exception to the general rule that parties not named in an EEOC charge may not be named in a Title VII complaint. *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905-06 (7th Cir. 1981). Where an unnamed party had adequate notice of the EEOC charge and was given an opportunity to participate in conciliation proceedings, the lawsuit against that party may go forward. *Id.* at 905. However, the unnamed party must have notice not just of the

discrimination charge in general, but of the charges against it, and it must have an opportunity to "conciliate on its own behalf." *Schnellbaecher*, 887 F.2d at 127.

This exception recognizes that lay people who file EEOC charges are not well-versed in the law and may not know every entity that violated Title VII. *Eggleston*, 657 F.2d at 906. Courts have disagreed as to whether a plaintiff must specifically plead the *Eggleston* exception. *Compare Drebing*, 494 F.Supp.2d at 914 n.4 (holding that there is no requirement that plaintiff set forth or prove *Eggleston* factors in complaint) *with Shields v. Prop. Mgmt. One, Ltd.*, No. 02 C 3712, 2003 WL 21877641, at *2 (holding that plaintiff had the burden to allege these factors). Regardless, here, McCauley pled the *Eggleston* exception in her First Amended Complaint. See Pl.'s Comp. ¶ 7.

In its reply brief, the USMS notes that the preconditions for a federal employee to file a Title VII differ from those for private employees. In particular, a federal employee must consult with an agency EEO counselor, file a complaint with the agency, and await final action by the agency before filing suit. *See* 29 C.F.R §§ 1614.104, 1614.106, 1614.110, 1614.310. The USMS argues that the *Eggleston* exception should not apply to a federal employer because of these different exhaustion requirements, but it cites no authority for this proposition.

Additionally, the USMS's reply brief includes an affidavit from Tanya Wright, the Chief of Complaints processing for the USMS's EEO office, attesting that her office never received an administrative complaint from McCauley. Notwithstanding that this affidavit is attached to a reply brief, and as such McCauley did not have the opportunity to address it in her brief, the USMS's arguments are premature. It may well be that McCauley cannot show any equitable exception that would allow her to proceed against the USMS despite her failure to exhaust her administrative remedies. But at this stage of the case, she was not required to prove that the USMS's affirmative defense does not apply. As such, the USMS's Motion to Dismiss on this ground is denied.

## IV. CONCLUSION

For the reasons stated herein, Defendants' Motions to Dismiss are granted to the extent that Plaintiff's discrimination claim is limited to the events surrounding her suspension and termination. Defendants' Motion to Dismiss Plaintiff's Complaint as Untimely is denied, as is the USMS's Motion to Dismiss for Failure to Exhaust Administrative Remedies As To It.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

**DATE:** 6/17/2011